DONALD C. FUENER and CYNTHIA A. FUENER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Fuener v. Commissioner
Docket No. 4979-90
United States Tax Court
T.C. Memo 1991-644; 1991 Tax Ct. Memo LEXIS 697; 62 T.C.M. (CCH) 1626; T.C.M. (RIA) 91644; December 26, 1991, Filed *697 An appropriate order of dismissal for lack of jurisdiction will be entered. Donald C. Fuener, pro se. Richard A. Stone, for the respondent. DAWSON, Judge. GALLOWAY, Special Trial Judge. DAWSON
MEMORANDUM OPINION This case was assigned to Special Trial Judge Lee M. Galloway pursuant to section 7443A(b)(4) and Rules 180, 181 and 183. All section references are to the Internal Revenue Code of 1954 as amended and in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GALLOWAY, Special Trial Judge: This case is before the Court on respondent's Motion To Dismiss For Lack Of Jurisdiction filed April 30, 1990, and petitioners' objection filed May 18, 1990. Both parties presented written and oral argument at a hearing held by the Court at Chicago, Illinois. Petitioners were residents of Chatham, Illinois (8-10 miles south of Springfield), when their petition was filed with the Court. They timely filed their joint 1984 Federal income tax return with the Internal Revenue Service *698 Center in St. Louis, Missouri. By notice of deficiency dated February 1, 1988, respondent determined a deficiency in and additions to petitioners' 1984 Federal income tax as follows: Additions to Tax
Deficiency
Sec. 6653(a)(1)
Sec. 6653(a)(2)
Sec. 6661
$ 7,916
$ 395.80
*
$ 1,852
The notice of deficiency was sent by certified mail to petitioners at their address on Spruce Street (the Spruce address) in Chatham. However, Chatham post office personnel made no attempt to deliver the deficiency notice to the Spruce address because petitioners had previously advised the post office that they had moved to a new Chatham address on Chestnut Street (the Chestnut address). Mail delivery was unsuccessfully attempted at the Chestnut address by the post office and then returned unclaimed to the sender, respondent's St. Louis Internal Revenue Service Center. Petitioners contend that they did not receive the notice of deficiency. Early in 1990, petitioners *699 became aware that a notice of deficiency had been mailed. They filed a petition with this Court on March 19, 1990, 777 days after the mailing of the notice of deficiency. Respondent claims that the petition must be dismissed as untimely. Petitioners, however, assert that the deficiency notice was not mailed to petitioners' "last known address" since they had advised respondent in writing of a new address prior to the issuance of the notice of deficiency. In order for a taxpayer to invoke the jurisdiction of this Court, there must be both a valid notice of deficiency and a timely filed petition. ; . Section 6212(a) provides that once it is determined there is a deficiency in income tax, respondent is authorized to mail a notice of deficiency by certified or registered mail. Section 6212(b)(1) provides that the mailing of the notice of deficiency to the taxpayer's "last known address" shall constitute sufficient notice to the taxpayer. Respondent has the burden of proving that the notice of deficiency was properly mailed. . *700 In this case, if the notice of deficiency is otherwise valid, respondent has carried his burden by attaching a Form 3877, which discloses that the notice of deficiency (certified mail no. 5150786) was mailed to petitioners at the Spruce address on February 1, 1988. A notice of deficiency is invalid if it is not mailed to the taxpayer's "last known address" and must be dismissed on that ground rather than untimeliness of a petition. . We now consider the validity of the notice of deficiency herein. Respondent examined petitioners' 1984 Federal income tax return in late 1986 or early 1987. Petitioners lived at the Spruce address in 1986 and during part of 1987. On June 26, 1987, Mr. Fuener filed a Change of Address (USPO Form 3575) with the Chatham post office, by which he requested that agency to discontinue mail service at his old address of 412 W. Spruce, Chatham, Illinois 62629, and commence mail delivery at petitioners' new permanent address at 403 E. Chestnut, Chatham, Illinois 62629. Petitioners did not inform respondent of this change of address. The record discloses that during the years 1986-90, *701 respondent has received from and mailed communications to petitioners at the following addresses: August 25, 1986 - Petitioners' 1985 Federal income tax return was filed with the Internal Revenue Service Center. Petitioner's address was 412 W. Spruce, Chatham, Illinois 62629. March 25, 1987 - Four line letter from Mr. Fuener on business letterhead stationery to the examination division of the Internal Revenue Service in Springfield, concerning his receipt of and disagreement with respondent's 1984 return examination changes. The letter requests a conference concerning the proposed adjustments and reads "Please contact me at my office. The address is listed below." The printed address below was Associated Accounting Services, Inc., 1620 South 6th, Springfield, Illinois 62703, Telephone (217)789-4655. April 7, 1987 - Form "no response" letter to petitioners from respondent's Springfield Examination Division office addressed to the Spruce address. The letter notes in a box checked that petitioners have not replied to respondent's proposed adjustments concerning the audit of their 1984 tax return. January 8, 1988 - Letter from Mr. Fuener to the *702 Internal Revenue Service Audit Division in Springfield with respect to petitioners' disagreement with respondent's income tax changes for an unidentified year. The letter was received by respondent's agents on January 28, 1988, and reads in part as follows: The attached correspondence regarding the audit of my personal return was forwarded to my old address. The post office did not forward this letter to my new address.
* * * Please note all correspondence in regards to this matter should be forwarded to my office. The Springfield address is listed below.
* * * January 25, 1988 - Form letter to petitioners from respondent's Springfield Examination Division addressed to the Spruce address. This form letter related to examination of petitioners' 1985 tax return and was similar to the "no response" letter mailed to petitioners on April 7, 1987. February 1, 1988 - Respondent mailed the notice of deficiency by certified mail to petitioners at 412 N. (sic) Spruce, Chatham, Illinois 62629. January 2, 1990 - Petitioners' 1988 tax return received and filed by respondent's Kansas City, Missouri, office. The return had been signed and dated on November 29, 1989, *703 and mailed on December 28, 1989. February 8, 1990 - Petitioners' 1987 tax return received and filed by respondent's Kansas City, Missouri, office. The return was dated November 29, 1989. The mailing date is not disclosed by the record. February 22, 1990 - Petitioners' 1986 tax return received by respondent's revenue agent from Mr. Fuener and filed on that date by the agent. This return was signed and dated by petitioners on February 22, 1990. Petitioners' 1986, 1987, and 1988 returns all contained the Chestnut address. This Court recently restated its position regarding whether a more recently filed tax return should constitute notice of a change of address by the taxpayer to the Government. Formerly, we held that respondent was entitled to treat the address of the taxpayer appearing on the return under examination as the taxpayer's last known address, absent "clear and concise notification" of an address change. See , affd. without published opinion . However, in , we *704 held that a taxpayer's last known address is the address shown on his most recent return, absent clear and concise notification of a change of address. In , we stated as follows: a taxpayer's last known address is that address which appears on the taxpayer's most recently filed return, unless respondent has been given clear and concise notification of a different address. For these purposes, * * * a taxpayer's "most recently filed return" is that return which has been properly processed by an IRS service center such that the address appearing on such return was available to respondent's agent when that agent prepared to send a notice of deficiency in connection with an examination of a previously filed return. * * * the address from the more recently filed return is available to the agent issuing a notice of deficiency with respect to a previously filed return, if such address could be obtained by a computer generation of an IRS computer transcript using * * * both taxpayers' * * * [taxpayer identification numbers] in the case of a previously filed joint return. In so holding, we are merely reiterating our *705 position that what is of significance is what respondent knew at the time the statutory notice was issued and attributing to respondent information which respondent knows, or should know, with respect to a taxpayer's last known address, through the use of its computer system. [Emphasis in original; citation and fn. ref. omitted.]
Petitioners claim that Mr. Fuener gave "clear and concise" written notification of a new address on two occasions, prior to issuance of the deficiency notice, when he wrote letters to respondent on March 25, 1987, and on January 8, 1988. Respondent contends that Mr. Fuener's request to "contact me at my office" on March 25, 1987, and to forward all correspondence to his office on January 8, 1988, do not constitute the required "clear and concise notification" to change petitioners' last known address. Respondent also argues that if the letter dated January 8, 1988, and received by him on January 28, 1988, constitutes adequate notice of a change in address, it is ineffective to change the address since it was not received in sufficient time to be posted to respondent's computer records. [1]
*706 We agree with respondent that both the March 25, 1987, and January 8, 1988, letters do not provide "clear and concise" notification of a change of address. These letters are merely "protest" letters of adjustments proposed by respondent for the 1984 year and an unidentified year. In , affd. , respondent sent a notice of deficiency to the taxpayers' old address based on a protest letter erroneously reflecting that address as the taxpayers' correct address when in fact the taxpayers had moved to a new address disclosed on their most recently filed tax return. In affirming our granting of the taxpayers' motion to dismiss for lack of jurisdiction, the Ninth Circuit Court Of Appeals stated: "In any case, we believe that the protest letter did not constitute 'clear and concise' notice as a matter of law. Correspondence bearing an address different from that on the most recent return does not, of itself, constitute clear and concise notice." , affg. . See also , *707 affg. an unreported opinion of this Court, where a purported change of address letter from a taxpayer did not indicate that the taxpayer had permanently moved or that the address on his letterhead was his new place of residence, nor did it mention the old address or indicate it was no longer to be used. Our conclusion that Mr. Fuener's letter to respondent in March 1987 and January 1988 did not constitute clear and concise notification to respondent of a change in petitioners' address is buttressed by their subsequent actions in filing returns for 1986, 1987, and 1988. When these delinquent returns were filed in January and February of 1990, petitioners used the Chestnut address where they had been living since mid-1987. It is clear from this record that petitioners intended the Chestnut address as their permanent address rather than Mr. Fuener's office address in Springfield. Accordingly, the notice of deficiency is valid since respondent was not given clear and concise notification of a different address. Petitioners also claim that they were living at the Chestnut address when the deficiency notice was issued and blame the post office for failing to leave the proper certified *708 mail notices at petitioners' residence when the disputed mailing was delivered. Mr. Fuener argues that he did not receive or recall receiving a notice for certified mail during the period in question and "had no reason not to claim certified mail from the IRS" since he was "very concerned about not receiving any correspondence from IRS about the audit of my 1984 return." This argument is simply not supported by the record. Contrary to Mr. Fuener's contention (in his January 8, 1988 letter) that he was receiving no information about the audit of his 1984 return from respondent's agents, petitioner received respondent's audit information letters dated April 7, 1987, and January 25, 1988, concerning examination of his 1984 and 1985 returns. [2] Moreover, Dennis Mumaw, Chatham postmaster of this one post office town, testified that the post office had followed the proper mailing procedures in attempting delivery of the certified mail in question. In Chatham, the postmaster, not the carrier, is responsible for the administration of postal policies and procedure. Mr. Mumaw testified that delivery of certified mail no. 5150786 was attempted at the Chestnut address on February 10, 1988 *709 (1st notice), on February 17, 1988 (2nd notice), and then returned to and received by the sender, respondent's St. Louis Service Center, on February 18, 1988. The postal service delivery attempts are noted on Form 3849-A, attached to the front of the returned mailing envelope. We find, on this record, that the post office properly attempted certified mail delivery at the Chestnut address. Finally, we note that when respondent typed the notice of deficiency, it was mistakenly addressed to petitioners at 412 N. Spruce rather than 412 W. Spruce. We consider this an inconsequential or de minimis error, which does not affect our determination whether the notice of deficiency was mailed to petitioners' "last known address." See , affd. ; ; ; *710 . Petitioners make no contention that the notice of deficiency was mailed to the wrong address because of this minor typographical error. Furthermore, no mail delivery was attempted on petitioners at the Spruce address in February 1988, since petitioners had previously changed their mailing address to the Chestnut address on June 26, 1987. Mr. Mumaw explained that it was known by local postal carriers that petitioners had moved to the Chestnut address, and that N. Spruce was an incorrect, nonexistent Chatham address. The mail was given to the local carrier who marked the correct Chestnut address on the envelope and unsuccessfully attempted delivery. We find on this record that petitioners were living at the Chestnut address at the time of the attempted certified mail delivery and for some reason failed or refused to claim the certified mail. If they had, they would have received the deficiency notice in sufficient time to file a timely petition. See ; ; *711 We conclude that the notice of deficiency was mailed to petitioners at their last known address and that the petition is untimely, having been filed 777 days after the mailing of the notice of deficiency. Accordingly, respondent's motion to dismiss for lack of jurisdiction will be granted. An appropriate order of dismissal for lack of jurisdiction will be entered. Footnotes
*. 50 percent of the interest due on the underpayment.↩
1. See .↩
2. The above letters were petitioners' exhibits.↩